NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
Luvoyda A. Stevens,                         :
                                            :
    Petitioner,                             :    Civ. No. 05-1113 (DRD)
                                            :
    v.                                      :
                                            :
United States of America,                   :    **O P I N I O N**
                                            :
    Respondent.                             :
                                            :
------------------------------------------------------

Luvoyda A. Stevens
USP CANAAN
P.O. Box 300
Waymart, Pa 18472

*Pro se Plaintiff*

Christopher J. Christie
United States Attorney
Melissa L. Jampol
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*Attorney for Respondent, United States*

**DEBEVOISE, Senior District Judge**

### I.  PROCEDURAL HISTORY & BACKGROUND

    On February 25, 2005, Petitioner, Luvoyda Stevens, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent, United States, has filed a motion

1

to dismiss Petitioner's case on the basis that it is time barred.

On March 28, 2000, Petitioner pled guilty to two separate counts: 1) conspiracy to distribute more than 100 grams of heroin; and 2) possession of a firearm by a convicted felon. During his plea hearing, while under oath, Petitioner stated that he was capable of speaking and writing in English.

On July 17, 2000, Petitioner was sentenced to a term of imprisonment of 210 months for Count 1 and a concurrent term of 120 months for Count 2. Judgment against him was entered on July 20, 2000. He did not appeal his conviction.

## II.  DISCUSSION

**Standard for a motion to dismiss**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and a plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  Furthermore, pro se plaintiffs are held to a less stringent standard and their pleadings will be construed liberally and with a measure of tolerance.  Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

**Standard for a motion to vacate a sentence under 28 U.S.C. § 2225**

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 was amended to include a one-year statute of limitations for motions to vacate, set aside, or

correct a sentence.  According to that statute,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2225.

**Respondent's motion to dismiss Petitioner's claim**

In the present case, Petitioner was not prevented from making this motion due to governmental action, nor was his right to make this motion recently recognized by the Supreme Court, nor are there any facts supporting this motion that were recently made available.  Rather, the limitation period in this case began running when Petitioner's judgment of conviction became final.

A federal prisoner's conviction becomes final when "'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed . . . .'"  United States v. Johnson, 457 U.S. 537, 543 (U.S. 1982).  Under Fed. R. App. P. 4(b)(1), a criminal defendant must file a notice of appeal "within 10 days after the later of: (1) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

3

As Petitioner never filed any such notice, his time to appeal expired ten days after judgment was entered on July 20, 2000.  Furthermore, Petitioner was never entitled to petition for certiorari as he never sought an appeal with the Court of Appeals.  Thus, Petitioner's conviction became final on July 30, 2000, ten days after judgment was entered.  On that date, his time to file the present motion began running.  Under the AEDPA, his time expired one year later, on July 30, 2001.  Therefore, Petitioner's motion to vacate his sentence is time-barred because he did not file the present motion until February 25, 2005, approximately three years and seven months after his time for such a motion expired.

Petitioner argues that the statute of limitations should be tolled as he says he is illiterate and never understood the indictment until 2004, when he had another inmate read it to him.  But at his plea hearing on March 28, 2000, Petitioner stated that he could read and understand English.  Furthermore, even if he is illiterate, there is no reason why he couldn't have had someone else, either before or after judgment was entered, read the indictment to him.  Petitioner does not explain why he waited over four years after his conviction to have the indictment read to him.  Finally, a petitioner's inability to read has been rejected by several courts as a basis for equitable tolling under the AEDPA.  See e.g., Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Thus, Petitioner has not shown that the statute of limitations should be tolled.

### III. CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence is time-barred.  Respondent's motion to dismiss Petitioner's case will be granted.  The

Court will enter an order implementing this opinion.

                                                  /s/ Dickinson R. Debevoise

                                                  DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        March 27, 2006