<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUVOYDA A. STEVENS | : | |
| | : | Civ. No. 05-1113(DRD) |
| Petitioner, | : | Crim. No. 99-560(DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

Christopher J. Christie, Esq.
United States Attorney
By:     Melissa L. Jampol
         Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
         Attorney for the United States

Luvoyda A. Stevens
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472
         Petitioner, Pro Se

**Debevoise, Senior United States District Judge**

## I.  Background

The matter is presently before the court on Petitioner's Motion to Vacate Judgement as

Void Pursuant to Federal Rules of Civil Procedure 60 (b)(4), (5) & (6).

On March 28, 2000 Petitioner, Luvoyda Stevens pleaded guilty to conspiracy to distribute

more than 100 grams of heroin in violation of 21 U.S.C. §846 (Count One) and to possession of a

firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 2 (Count Twenty-eight).

On July 17, 2000 Petitioner was sentenced to a term of imprisonment of 210 months on Count One which was to run concurrently with a term of imprisonment of 120 months on Count Twenty-eight.  Petitioner did not appeal, and his conviction became final on October 18, 2000.

On or about February 22, 2005, Petitioner filed a motion for relief pursuant to 28 U.S.C. §2255.  He advanced a number of grounds for relief: i) He was denied adequate consideration for bail at the time of his arraignment and his court-appointed attorney never applied for his release; ii) he was required to stay in jail when other defendants were considered for bail; iii) he was denied effective assistance of counsel because his attorney never had him brought to court to apply for bail; iv) his Fifth Amendment rights were violated when he was brought before the United States Attorney at proffer sessions without being informed of his right to remain silent, as a result of which he incriminated himself, giving information that was used against him at the time of sentencing; v) his counsel was ineffective in permitting him to appear at these proffer sessions at which he incriminated himself; vi) his criminal history was inflated because the same conviction was used to increase his Guideline score for several categories, e.g., crime of violence, crime committed within two years of release from prison; vii) the prosecution relied upon dismissed counts of the indictment to enhance Petitioner's Guideline score; viii) counsel was ineffective for failing to object to this enhancement; and ix) Petitioner was denied due process of law because, having been arrested on or about October 10, 1999,  he was in prison for five years without being able to read his indictment, plea agreement, judgment and commitment orders.

On March 27, 2006 the court dismissed the Petition as time barred.  On April 17, 2006 Petitioner filed an appeal.

On April 28, 2006, Petitioner filed his present Rule 60(b) motion, asserting that the March 27, 2006 judgment and the July 17, 2000 criminal judgment were each void because the court lacked the authority to impose them.  The government cross-moves to dismiss the motion.

## II.  Discussion

A.  <u>Grounds for Relief</u>: Petitioner pled guilty to and was sentenced on Count One and Count Twenty-eight of the indictment (<u>see</u> March 8, 2000 plea agreement; transcript of March 28, 2000 entry of plea; transcript of July 17, 2000 sentencing proceeding; and July 20, 2000 Judgment in Criminal Case).  After Petitioner entered his plea and was advised of his right to appeal the court asked the Assistant United States Attorney to state for the record the counts that, pursuant to the plea agreement, the government was going to dismiss.  He responded: "Can I have just one moment?  That would be count 1, 2, 3, 4, 5, 6, 7, 8, Count 9, Count 10, Count 12, Count 13, 14, 15, 16, 17, 18, 20, 22, 23, 24, 25, 26, 27, and 29."  Count One was never in fact dismissed, but the first ground of Petitioner's motion is "that the judgment imposed on Count One of the Indictment should be rescinded as it clearly constitutes a 'manifest injustice' to incarcerate an accused for a conviction that the Government has chosen to remove.  It is indisputable based on the record that Count One was dismissed.  Therefore, the judgment imposed on Count One should also be removed."

It is somewhat difficult to understand the rationale of Petitioner's second ground for relief.  He notes that "[o]n June 26, 2000, just twenty-one days prior to Petitioner's sentencing, the United States Supreme Court in a landmark decision, i.e., Apprendi v. New Jersey, held 'that <u>any</u> <u>fact</u> (other than a prior conviction) that increased penalty for crime beyond prescribed statutory maximum had to be submitted to a jury and proven beyond a reasonable doubt.' 530

U.S. at 490" (emphasis Petitioner's).  Asserting that with Count One dismissed, the Guideline

sentence for Count Twenty-eight (possession of firearm by convicted felon) was 57-71 months

imprisonment, rendering the imposed sentence of 120 months excessive when not served

concurrently with the allegedly void 210 months sentence on Count One.

       B.  Rule 60(b) Relief: It is readily apparent that Petitioner is proceeding under the wrong

Rule and that Rule 60(b) is not available to obtain the relief he seeks.  That Rule in limited

circumstances permits relief from a final judgment or order in a civil case.  The court's March

27, 2006 order dismissing his 28 U.S.C. §2255 petition was an order in a civil case, but nothing

in Petitioner's present motion advances any grounds to attack that order which, in any event, is

being challenged on appeal.  Rather, Petitioner's sole attack is on the judgment in the criminal

case.

       In Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004), the Court of Appeals held that when

a purported Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction

rather than "the manner in which the earlier habeas judgment was processed," the matter should

be treated as a successive §2255 petition subject to the limitations on such petitions provided by

law.  See id. at 727.  Examination of the grounds of Petitioner's motion discloses that it is a

continuation of his attack on his conviction or sentence and as such must be treated as a

successive §2255 petition.

       The motion must either be dismissed or transferred to the Court of Appeals which, if it

elected to do so, could treat it as a motion for authorization to file a second or successive §2255

petition: In re Olabode, 325 F.3d 166, 170 (3d Cir. 2003) (citing 28 U.S.C. §§2244(b)(3)(A) and

2255).  The Court of Appeals may grant such authorization only if the motion contains "(1)

newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the Petitioner guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255.  Petitioner has not advanced evidence of either of these conditions for granting authorization to proceed.

In fact Petitioner's motion rests on a totally unsupportable proposition, namely, that the government dismissed Count One of the indictment.  If the transcript upon which Petitioner relies is correct, the government attorney merely made a slip of the tongue which was never acted upon, and which could not have been acted upon because Petitioner had already pled guilty to, and had been sentenced, on Count One.  Given this fact, there is no basis for challenging the Count One sentence.  The challenge to the sentence on County Twenty-eight depended upon establishment of the invalidity of the sentence on Count One, and therefore that challenge also has no basis whatsoever.

### III.  Conclusion

In these circumstances the appropriate disposition of the motion is to dismiss it outright and not to transfer it to the Court of Appeals.  The government's cross-motion will be granted.  A certificate of appealability shall not issue for the reason that no reasonable jurist could disagree with the court's resolution of Petitioner's constitutional claims or could conclude that the issues presented are adequate to deserve encouragement to proceed further.  An order to that effect will be filed.

Dated: August 16, 2006                                  **/s/ Dickinson R. Debevoise**
                                                        DICKINSON R. DEBEVOISE
                                                        U.S.S.D.J.